**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| TAMEKA JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:09-CV-159-PRC |
| ) | |
| MICHAEL ASTRUE, Commissioner of the ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendant's Motion to Reverse, Enter Judgment and Remand Commissioner's Decision for Further Administrative Proceedings [DE 21], filed by Defendant on January 14, 2010.

**PROCEDURAL BACKGROUND**

On January 23, 2006, Plaintiff applied for Social Security Disability Insurance benefits and Supplemental Security Income, alleging that she became unable to work in January 2002. Her claims were denied initially, and she requested a hearing before an administrative law judge ("ALJ"), which occurred on June 2, 2008. On August 27, 2008, the ALJ found Plaintiff not disabled and denied benefits. Plaintiff sought review of the decision, which was denied by the Appeals Council on April 15, 2009, rendering the ALJ's decision the final decision of the Commissioner on Plaintiff's claims.

Plaintiff filed her Complaint in this Court on June 5, 2009, seeking judicial review of the denial of her application for benefits. The Government filed an Answer and the Administrative Record on August 24, 2009.

Plaintiff's opening brief was timely filed on October 7, 2009. Therein, Plaintiff argues that the ALJ committed several errors and that the case should be remanded for a new hearing. Plaintiff does not ask the Court to award benefits.

In lieu of a response brief, the Government filed the instant Motion to Remand on January 14, 2010. Plaintiff filed a response in opposition on January 19, 2010, and Defendant filed a reply brief on January 27, 2010.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## ANALYSIS

In the instant unilateral Motion to Remand, the Government asks the Court to reverse the Commissioner's decision, enter judgment, and remand this case pursuant to the fourth sentence of 42 U.S.C. § 405(g) for a de novo hearing. The Government represents that, after reviewing the record evidence and the merits of Plaintiff's claim, the Government has determined that the Commissioner's final decision contains material inconsistencies and, accordingly, does not ask the Court to uphold the ALJ's decision. In particular, the Commissioner is concerned that the evidence does not reasonably support the ALJ's conclusion that Plaintiff could perform her past work as a waitress given the ALJ's finding that she needed to sit for significant portions of the day. The Government also concluded that there is a question about whether Plaintiff can perform the other jobs identified by the vocational expert given this restriction. The Government believes that these factual issues require further consideration and that the resolution of these issues should be made

by an ALJ with additional input from a vocational expert. In order to address this factual issue, the Government requests remand for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). The Government requests that on remand, the Appeals Council send the claim to an ALJ, who would be instructed to hold a new hearing and to reevaluate Plaintiff's residual functional capacity and determine whether she can perform her past work or any other work that exists in the national economy. The ALJ would also be instructed to identify and resolve any conflicts between the occupational evidence provided by the vocational expert and information in the Dictionary of Occupational Title pursuant to Social Security Ruling 00-4p. The Government represents that the parties discussed a voluntary remand but that the parties were not able to reach an agreement.

Plaintiff opposes the Government's motion, arguing that the scope of the Government's remand request fails to address the other issues raised by Plaintiff in her opening brief, specifically that the ALJ (1) failed to properly consider her mental impairments; (2) failed to include in his RFC and question to the vocational expert the impact of the mild limitations in social functioning which the ALJ himself found; (3) failed to address the impact of Plaintiff's mood swings and anger outbursts; (4) failed to consider under *Bauer v. Astrue* the impact of the "bad days" typically experienced by someone with bipolar disorder; (5) improperly relied on non-compliance with treatment as discussed in *Kangail v. Astrue*; and (6) failed to properly analyze credibility, in part by failing to consider the impact of Plaintiff's obesity on her credibility, as required in *Gentle v. Barnhart*. Plaintiff is concerned that a remand order with instructions limited to factual questions raised by the Government would lead to the ALJ failing to reconsider Plaintiff's other objections to his decision.

Section 405(g) provides: "The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a hearing." 42 U.S.C. § 405(g). In this case, unlike the cases Plaintiff identified in opposition to remand,[1] Plaintiff does not ask for reversal and an outright award of benefits but rather seeks only remand for further proceedings before the ALJ. The Government has conceded that there are material inconsistencies in the ALJ's decision that require remand. Therefore, both parties agree that remand is the proper resolution of the matter before the Court; the dispute rests in the scope of the remand. In its reply brief, the Government clarifies that it supports a sentence four remand to the ALJ for a de novo hearing and an entirely new decision. The Government underscores that Plaintiff will have an opportunity to submit a brief, present additional evidence, and argue any issues Plaintiff sees fit at the new hearing, including but not limited to the issues Plaintiff has raised in her opening brief to this Court.

In light of the material factual issues that must be clarified by the ALJ, which necessarily dictates that outright reversal is not warranted because the record cannot "yield but one supportable conclusion," *Campbell v. Shalala*, 988 F.2d 741, 744 (7th Cir. 1993), the Court finds that continued proceedings on this appeal are not warranted. This is not a close case in which reversal and award of benefits is even requested by Plaintiff. Rather than this Court conducting a full review of the ALJ's order that contains material factual questions acknowledged by both parties, the Court remands to the ALJ to make all new findings in light of these factual questions and the alleged legal errors identified by Plaintiff. Upon remand, Plaintiff may present new evidence to the ALJ and

---

[1] *DePiano v. Astrue*, 09 C 1998 (N.D. Il. Dec. 17, 2009) (J. Hibbler); *Gaspari v. Astrue*, 06 C 5292 (N.D. Il. Apr. 30, 2007) (Mag. J. Keys); *Rohan v. Barnhart*, 306 F. Supp. 2d (N.D. Ill. 2004) (Mag. J. Denlow).

address the deficiencies Plaintiff finds with the first decision. *See Fields v. Astrue*, 1:09-cv-259, 2009 WL 5217090, at * 1 (S.D. Ind. Dec. 30, 2009) (remanding pursuant to sentence four of 42 U.S.C. § 405(g) for a de novo review with a new hearing, RFC, and decision).

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant's Motion to Reverse, Enter Judgment and Remand Commissioner's Decision for Further Administrative Proceedings [DE 21] and **DENIES as moot** the relief requested in Plaintiff's Opening Brief. The Court **ORDERS** that this matter is **REMANDED** for a de novo hearing consistent with this Order.

SO ORDERED this 2nd day of February, 2010.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record